IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:20cr85-MHT |
| | ) | (WO) |
| EDUARDO CERVANTES | ) | |

ORDER

This case is before the court on the government's motion to continue the trial of defendant Eduardo Cervantes. Based on the representations made in it and on the record on October 14, 2021, and for the reasons set forth below, the court finds that the trial, now set for October 25, 2021, should be continued pursuant to 18 U.S.C. § 3161.

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days

>from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period "[a]ny period of delay resulting from the absence or unavailability of the defendant."  § 3161(h)(3)(A).  A defendant "shall be considered absent when his whereabouts are unknown and, in addition, he is attempting to avoid apprehension or prosecution or his whereabouts cannot be determined by due diligence."  § 3161(h)(3)(B).

The Act also excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  § 3161(h)(7)(A).  In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i),

2

or "would deny counsel for the defendant ... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that Cervantes is, for the time being, absent. The government represents that Cervantes's whereabouts have been unknown since around September 28, 2021; that DEA agents executed a search warrant on his last known residence but did not find him; and that his whereabouts cannot be determined by due diligence.

In addition, the court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Cervantes in a speedy trial. The government represents that it requires more time to locate Cervantes and to determine if he wishes to plead guilty, as he has previously indicated. Defense counsel represents that he needs time to resolve the case too. The court therefore finds that a general

3

continuance is necessary in order to allow the government time to locate Cervantes and defense counsel time to prepare for resolution of this case.

\*\*\*

Accordingly, it is ORDERED as follows:

(1) The government's motion to continue trial (Doc. 329) is granted.

(2) The jury selection and trial for defendant Eduardo Cervantes, now set for October 25, 2021, are continued generally.

(3) Upon locating defendant Cervantes, the government shall promptly notify the court.

DONE, this the 15th day of October, 2021.

                            /s/ Myron H. Thompson
                           UNITED STATES DISTRICT JUDGE